RECEIVED
ee
AUG 12 2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
AUG 12 PM4:40

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**Tawana Watts & Minor female Henry,**
Plaintiff,
v.
**Officer Diaz, Officer Schwartz, Officer Rutherford, Officer Rivera, Officer Cheaks, Cervone, Officer Hernandez, Olaguez, Officer Hendry, Officer Meager, Krey, Officer McCutcheon, Officer Cook, Officer Maldonado, Officer Prado, Officer Boyd, Unknown Task Team Officer, Unknown RIFLE-BEARING Officer, Unknown Officer who twisted right with knee in minor back, Unknown Officer who pulled minor hair, Unknown Officers who punched bystanders, and CITY OF CHICAGO Police Department,**
Defendants.

**1:26-CV-5529**

Case No.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
42 U.S.C. § 1983
JURY DEMAND

**Jurisdiction and venue**

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.
2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.
3. Venue is proper in this district because the events occurred in Chicago, Illinois.

**Parties**

4. Plaintiff is Tawana Watts & (14 year old Minor female) Henry residing at 1512 S Komensky Ave. 2 Chicago, Il 60623
5. Defendant Officer Diaz #19367 is a Chicago Police Department Officer, residing at 3510 S. Michigan Ave Chicago, IL 60653. Officer Diaz acted under color of state law.
6. Defendant Officer Schwartz #5120 is a Chicago Police Department Officer, residing at 3510 S. Michigan Ave Chicago, IL 60653. Officer Schwartz acted under color of state law.
7. Defendant Officer Rutherford is a Chicago Police Department officer, residing at 3510 S. Michigan Ave Chicago, IL 60653. The officer acted under color of state law.
8. Defendant Officer Rivera #19138 is a Chicago Police Department Officer, residing at 3510 S. Michigan Ave Chicago, IL 60653. Officer Rivera acted under color of state law.
9. Defendant Officer Cervone #11714 is a Chicago Police Department Officer, residing at 3510 S. Michigan Ave Chicago, IL 60653. Officer Cervone acted under color of state law.
10. Defendant Officer Hernandez #124764 is a Chicago Police Department Officer, residing at 3510 S. Michigan Ave Chicago, IL 60653. Officer Hernandez acted under color of state law.
11. Defendant Officer Olaguez #17444is a Chicago Police Department Officer, residing at 3510 S. Michigan Ave Chicago, IL 60653. Officer Olaguez acted under color of state law.

Defendant Officer Hendry #2551 is a Chicago Police Department Officer, residing at 3510 S. Michigan Ave Chicago, IL 60653. Officer Hendry acted under color of state law.

PL-3

Defendant Officer Meager #2581 is a Chicago Police Department Officer, residing at 3510 S. Michigan Ave Chicago, IL 60653. Officer Meager acted under color of state law.

Defendant Officer Krey #4578 is a Chicago Police Department Officer, residing at 3510 S. Michigan Ave Chicago, IL 60653. Officer Krey acted under color of state law.

Defendant Officer McCutcheon #5156 is a Chicago Police Department Officer, residing at 3510 S. Michigan Ave Chicago, IL 60653. Officer McCutcheon acted under color of state law.

Defendant Officer Cook #111114 is a Chicago Police Department Officer, residing at 3510 S. Michigan Ave Chicago, IL 60653. Officer Cook acted under color of state law.

Defendant Officer Maldonado # 17403 is a Chicago Police Department Officer, residing at 3510 S. Michigan Ave Chicago, IL 60653. Officer Maldonado acted under color of state law.

Defendant Officer Prado # 18187 is a Chicago Police Department Officer, residing at 3510 S. Michigan Ave Chicago, IL 60653. Officer Prado acted under color of state law.

Defendant Officer Boyd #1778 is a Chicago Police Department Officer, residing at 3510 S. Michigan Ave Chicago, IL 60653. Officer Boyd acted under color of state law.

12. Defendant Unknown Task Team Officer is a Chicago Police Department Officer, residing at 3510 S. Michigan Ave Chicago, IL 60653. The Unknown Task Officer acted under color of state law.

13. Defendant Unknown is a Chicago Police Department officer whose identity is presently unknown and who acted under color of state law.

14. Defendant Unknown Rifle-Bearing Officer is a Chicago Police Department officer whose identity is presently unknown and who acted under color of state law.

15. Defendant Unknown Officer Who Twisted Wrist/Arm is a Chicago Police Department officer whose identity is presently unknown and who acted under color of state law.

16. Defendant Unknown Officer Who Pulled Hair is a Chicago Police Department officer whose identity is presently unknown and who acted under color of state law.

17. Defendant Unknown Officer Who Punched Bystanders is a Chicago Police Department officer whose identity is presently unknown and who acted under color of state law.

18. Defendant Unknown Task Officer who pressed his right palm of his hand in minor neck is a Chicago Police Department officer whose identity is presently unknown and who acted under color of state law.

19.

20. Defendant City of Chicago is responsible for the policies, practices, training, supervision, and discipline of CPD.

**Statement of facts**

15. On or about May 12, 2024, Chicago Police Department officers encountered Tawana Watts and **Hannahbelle Henry**, who was 14 years old at the time.

16. Officer Diaz pushed Hannahbelle Henry, causing her to stumble backward.

17. When Hannahbelle continued to step forward, Officer Diaz grabbed her.

18. Officer Diaz then pushed her backward again.

19. Officer Schwartz joined Officer Diaz in using unnecessary force against Hannahbelle.

20. Additional officers arrived, and the force escalated.

21. Officers punched two males who were trying to protect Hannahbelle and were telling officers that Hannahbelle was a minor.
22. On body-worn camera footage, an officer from the task team can be seen pressing the palm of his hand into Hannahbelle's neck while another officer grabbed her arms and another officer grabbed her leg.
23. Officer Rutherford walked up, grabbed Hannahbelle by her hair bun, and slammed her to the ground; making a loud verbal sound as he slammed minor to the ground.
24. Officer Rivera dragged Hannahbelle by her leg.
25. Another officer dragged or pulled Hannahbelle by her long hair locs.
26. An task officer placed a knee in Hannahbelle's back while twisting her right arm.
27. Another officer twisted Hannahbelle's right wrist at the same time.
28. Other officers were pulling Hannahbelle in different directions while yelling conflicting commands.
29. Officer Diaz is seen pulling Hannahbelle's arms above her head while she was being cuffed.
30. The Unknown Rifle-Bearing Officer was present in the forceful takedown and was seen getting up from the ground where Hannahbelle was while still holding his rifle.
31. Hannahbelle's face became swollen after being hit in the face by an officer.
32. CPD transported Hannahbelle to the hospital for treatment of injuries.
33. CPD did not contact a family member until they were preparing to release Hannahbelle from jail.
34. The force used against Hannahbelle was unnecessary, excessive, unreasonable, and disproportionate, particularly because she was a 14-year-old minor.
35. Multiple officers participated in the force, failed to intervene, or failed to stop the unconstitutional conduct.
36. CPD failed to protect Hannahbelle, failed to de-escalate, failed to promptly notify her family, and failed to ensure that its officers used constitutionally reasonable force.
37. Plaintiff intervened after observing Officer Rivera assist the other officers in using force against Hannahbelle, including Rivera pulling Hannahbelle by her leg.
38. Plaintiff's intervention was an effort to protect a 14-year-old minor from ongoing force and bodily harm.
39. After Plaintiff kicked Officer Rivera, Rivera jumped up and yelled, "You kicked me!"
40. Rivera then struck Plaintiff and pushed Plaintiff up against the car parked behind Plaintiff while Plaintiff was handcuffed.
41. Another officer had to pull Rivera away to keep him from further attacking Plaintiff.
42. Rivera's actions toward Plaintiff occurred while Plaintiff was restrained and were excessive, unnecessary, and objectively unreasonable.
43. Plaintiff's conduct in intervening was undertaken in an effort to stop apparent ongoing harm to Hannahbelle and should be understood in the context of the necessity of protecting a minor.
44. To the extent Defendants contend otherwise, Plaintiff denies wrongdoing and alleges that any conduct beyond what was necessary was justified by necessity and defense of another under Illinois law, including 720 ILCS 5/7-5, 7-13, and 7-14.

**Count I — Excessive Force, Fourth Amendment, all individual officers**

45. Plaintiff realleges paragraphs 1 through 44.
46. The officers used objectively unreasonable force against Hannahbelle Henry in violation of the Fourth Amendment.
47. The force included pushing, grabbing, neck pressure, dragging, hair-pulling, knee pressure to the back, twisting of the arm and wrist, slamming her to the ground, and continued force during cuffing.
48. Because Hannahbelle was a 14-year-old minor, the level of force used was especially unreasonable.
49. Each individual officer who directly used force, and each officer who knowingly participated in or continued the force, is liable under 42 U.S.C. § 1983.

**Count II — Failure to intervene**

50. Plaintiff realleges paragraphs 1 through 49.
51. Officers who saw unconstitutional force being used and had a realistic opportunity to stop it but failed to do so are liable under 42 U.S.C. § 1983.
52. The officers at the scene were numerous, including officers who were physically present while others used force against Hannahbelle.
53. The Unknown Rifle-Bearing Officer, the task team officer, Officer Schwartz, Officer Diaz, Officer Rutherford, Officer Rivera, and the other identified and unidentified officers had an opportunity to stop or reduce the force but failed to do so.

**Count III — Excessive force against Plaintiff, Officer Rivera**

54. Plaintiff realleges paragraphs 1 through 53.
55. Plaintiff was handcuffed at the time Officer Rivera struck Plaintiff and pushed Plaintiff against the car.
56. Rivera's use of force against Plaintiff was objectively unreasonable because Plaintiff was restrained and Rivera had already been involved in the force against Hannahbelle.
57. Rivera's conduct violated the Fourth Amendment and was excessive force under 42 U.S.C. § 1983.
58. Rivera's conduct also supports a claim of retaliatory or punitive force because it followed Plaintiff's intervention on behalf of a minor.

**Count IV — Municipal liability, City of Chicago**

59. Plaintiff realleges paragraphs 1 through 58.
60. The City of Chicago, through CPD, maintained policies, customs, practices, and failures in training and supervision that caused or contributed to the constitutional violations.
61. These failures included inadequate training on use of force, failure to de-escalate, failure to protect minors, failure to intervene, and failure to promptly notify family or guardian members when minors are taken into custody.
62. The officers' conduct was consistent with or caused by these municipal failures.

**Count V — Unreasonable seizure and custodial conduct**

63. Plaintiff realleges paragraphs 1 through 62.
64. The force used against Hannahbelle was part of an unreasonable seizure under the Fourth Amendment.
65. CPD's delay in notifying a family member and the handling of the minor in custody further support the unreasonableness of the seizure and custody conditions.

**Count VI — Illinois justification / necessity narrative**

66. Plaintiff realleges paragraphs 1 through 65.
67. Plaintiff intervened to protect a minor from ongoing force and bodily harm.
68. Plaintiff's intervention should be viewed in light of Illinois justification principles, including 720 ILCS 5/7-5, 7-13, and 7-14.
69. Plaintiff did not occasion the unlawful force; Plaintiff responded to it in an effort to stop apparent harm to Hannahbelle.
70. To the extent Defendants contend otherwise, Plaintiff denies that any conduct beyond that necessary to protect Hannahbelle was undertaken by Plaintiff.

**Prayer for relief**

WHEREFORE, Plaintiff requests that this Court:

- Enter judgment in favor of Plaintiff and against Defendants.
- Award compensatory damages in an amount to be determined by the jury.
- Award punitive damages against the individual defendants as allowed by law.
- Award costs and fees as allowed by law.
- Order such declaratory and injunctive relief as the Court deems just and proper.
- Grant any other relief the Court finds appropriate.

12 PM 4:40

**Jury demand**

Plaintiff demands a trial by jury on all issues so triable.

Dated: 8-12-24

Respectfully submitted,

---

**Ms. Tawana**
**1512 S. Komensky Ave 2**

**Chicago, IL 60623**
**(309)-404-6413**

**synthiatawana@gmail.com**